**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

MARILYN D. THOMSON, individually, and in her capacity as legal counsel of CHRISTOPHER C. GONZALEZ,

Plaintiff,

v.

OKLAHOMA EMPLOYMENT SECURITY COMMISSION, et al.,

Defendants.

Case No. CIV-12-525-M

**ORDER**

Before the Court are defendant Oklahoma Employment Security Commission's ("OESC") Amended Special Entry of Appearance and Motion to Remand ("OESC's Motion to Remand"), filed May 29, 2012, and plaintiff Marilyn D. Thomson's ("Thomson") Special Entry of Appearance Motion for Remand and Request for Emergency Relief Staying Deadlines and Response Briefs ("Thomson's Motion to Remand"), filed June 6, 2012. On June 19, 2012, defendant Best Buy Stores L.P. ("Best Buy") filed its response to OESC's Motion to Remand. On June 27, 2012, defendant Talx UCM Services, Inc. ("Talx") filed its consolidated response to OESC's Motion to Remand and Thomson's Motion to Remand. On the same date, Best Buy filed its response to Thomson's Motion to Remand. On July 5, 2012, Thomson filed her replies. OESC has not filed a reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Defendant Christopher C. Gonzalez ("Gonzalez") is a former employee of Best Buy. Thomson alleges that she entered into a written contract with Gonzalez for legal representation. Thomson asserts that defendants had notice of Thomson's representation and attorney liens in the

proceedings before the OESC and various courts.

On March 22, 2012, Thomson filed her Petition for Judicial Review in the District Court of Cleveland County, State of Oklahoma, seeking to recover her fees. On May 9, 2012, Talx removed this matter to this Court. OESC and Thomson now move to remand this matter to the District Court of Cleveland County, State of Oklahoma.

## II. Standard

Subsection (c) of 28 U.S.C. § 1447 provides, in pertinent part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Furthermore, "[t]he removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 Fed. App'x 81, 83 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Removal statutes are to be strictly construed and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations and quotations omitted).

## III. Discussion

OESC and Thomson assert that OESC's consent is required for removal. Talx and Best Buy contend that OESC's consent to removal is not required because Thomson does not allege a federal claim against OESC.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to removal of the action." Even when a district court severs and remands nonremovable claims from an action

under the recently amended § 1441(c)(2),[1] defendants against whom a federal question claim has been asserted are required to join in or consent to removal. *See id.*

Having carefully reviewed Talx's Notice of Removal and Thomson's Petition for Judicial Review, the Court finds that OESC's consent to removal is required in this matter. Specifically, Thomson alleges violations of 42 U.S.C. § 1983 and the Fourteenth Amendment against defendants, including OESC. Petition for Judicial Review at pp. 3 and 5, attached as Exhibit 1 to Notice of Removal [docket no. 3]. Therefore, absent OESC joining or consenting to Talx's removal, the Court finds that this matter should be remanded to state court.[2]

IV. Conclusion

Accordingly, the Court:

(1) GRANTS OESC's Motion to Remand [docket no. 12];

(2) REMANDS this matter to the District Court of Cleveland County, State of Oklahoma; and

(3) finds Thomson's Motion to Remand [docket no. 13] is now MOOT.

**IT IS SO ORDERED this 10th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 203(b), 125 Stat. 785, has amended 28 U.S.C. § 1441.

[2]In her motion to remand, Thomson also requests that the Court stay the deadline to respond to Best Buy's and Talx's motions to dismiss. In light of the Court's finding that this matter should be remanded, Thomson's request to stay the deadlines is reserved for the decision of the state court.